UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MICHELE ALEXANDER,

                             Plaintiff,

     --against--

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, 103RD PRECINCT OF THE NEW
YORK CITY POLICE DEPARTMENT ANDNEW YORK
CITY POLICE DEPARTMENT LIEUTENANT JASON
MARGOLIS, TAX ID #918540, Individually and in his official
capacity as a Lieutenant New York City Police Officer,
                           Defendants.
-------------------------------------------------------------------X

**COMPLAINT AND**
**JURY DEMAND**

Docket No.:

**5915**

CV12

Plaintiff MICHELE ALEXANDER, (hereinafter "Plaintiff"), by and through her attorneys,

**DRUMMOND & SQUILLACE, PLLC,** states upon information and belief as follows:

## INTRODUCTION

1.      This is an action against Defendants to redress a pattern and practice of wrongful and

unlawful conduct including, but not limited to: unlawful hostile work environment; unlawful

retaliation; discrimination against Plaintiff based upon her disability in violation of the American

with Disabilities Act, 42 U.S.C. Sections 12102, 12111(8), 12112(a), Title I of the Americans with

Disabilities Act of 1990, 42 U.S.C. Sections 12111, et seq., Title V of the Americans With

Disabilities Act, Section 503 of the Act, 42 U.S.C. Section 12203 and unlawful

discrimination/retaliation/hostile work environment in violation of Title VII of the Civil Rights Act

of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 1981, 1981(a), 2000,

2000(e), 2000(e)(3), 2000(e)-2(a)(1) and New York Executive Law Art. 15 (NY Human Rights Law)

and New York State Human Rights Law Sections 290-297.

3

2.     During the course of her employment with Defendants, Plaintiff was subjected to an unlawful hostile work environment about which Plaintiff repeatedly complained to the Defendants but to no avail. The only response to her complaints that Plaintiff ever received was continued unlawful discrimination and unlawful retaliation.

3.     Defendants unlawfully discriminated against Plaintiff because of her disability of which the Defendants were fully aware and to which the Defendants, despite Plaintiff's requests and supporting medical documentation, denied her reasonable accommodations causing Plaintiff to suffer serious physical injuries.

4.     Defendants' denial of Plaintiff's requests for reasonable accommodations was in retaliation against Plaintiff for her exercising her right to complain about the workplace including, but not limited to, Plaintiff's complaints against Defendant Lieutenant Jason Margolis for his continued discrimination and sexual harassment against Plaintiff.

5.     As a direct and proximate result of Defendants' wrongful and unlawful conduct, Plaintiff has suffered and continues to suffer physical injuries, mental anguish, loss of the enjoyment of life, emotional distress, (both intentional and negligent) and deprivation of her civil rights.

## JURISDICTION

6.     This action is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. Sections 12102, 12111(8), 12112(a), Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. Sections 12111, et seq., Title V of the Americans With Disabilities Act, Section 503 of the Act, 42 U.S.C. Section 12203, Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 1981, 1981(a), 2000, 2000(e), 2000(e)(3), 2000(e)-2(a)(1), New York Executive Law Art. 15 (NY Human Rights Law), New York State Human Rights Law

Sections 290-297 and the Laws and Constitution of the United States of America and the State of New York.

7.     Venue is proper in this district under 28 U.S.C. Section 1391(b).

## PARTIES

8.     Plaintiff, MICHELE ALEXANDER, is a lawful resident of the United States and the State of New York, County of Queens and is a New York City Police Officer.

9.     That at all times herein mentioned, Defendant THE CITY OF NEW YORK was and is a municipal corporation existing by and under the laws of the State of New York.

10.     That at all times herein mentioned, Defendant THE CITY OF NEW YORK was and is a governmental subdivision of the State of New York.

11.     That at all times herein mentioned, Defendant THE CITY OF NEW YORK is the public employer of Defendants New York City Police Department Lieutenant Jason Margolis, Tax ID #918540.

12.     That at all times herein mentioned, Defendant NEW YORK CITY POLICE DEPARTMENT is an agency of Defendant the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

13.     That at all times herein mentioned, Defendant the 103rd PRECINCT OF THE NEW YORK CITY POLICE DEPARTMENT is an agency of Defendants the City of New York and the New York City Police Department, existing and operating by virtue of the laws of the State of New York and the City of New York.

14.     That at all times herein mentioned, Defendant NEW YORK CITY POLICE DEPARTMENT LIEUTENANT JASON MARGOLIS, Tax ID #918540, is an agent, employee,

licensee and/or servant of the Defendants the City of New York, the New York City Police Department and the 103rd Precinct of the New York City Police Department and was Plaintiff's direct and/or immediate Supervisor.

15.   In addition to the facts alleged in the foregoing paragraphs and following paragraphs, the individually named Defendant herein in the following subparagraphs is sued in his individual and official capacity; acted under color of law and within the scope of his employment, to wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York:

a.   Defendant, New York City Police Department Lieutenant Jason Margolis, Tax ID#918540, was, at all relevant times, a Police Officer with/of the New York City Police Department.

16.   That at all times herein mentioned, Defendant, the City of New York, owned, managed, controlled, maintained, employed and/or supervised the Defendants the New York City Police Department, the 103rd Precinct of the New York City Police Department and New York City Police Department Lieutenant Jason Margolis, Tax ID#918540.

17.   Defendants employ more than fifteen (15) employees and is an "employer" as defined by the Americans with Disabilities Act, 42 U.S.C. Sections 12102, 12111(8), 12112(a), Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. Sections 12111, et seq., Title V of the Americans with Disabilities Act, Section 503 of the Act, 42 U.S.C. 12203, Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 1981, 1981(a), 2000, 2000(e), 2000(e)(3), 2000(e)-2(a)(1), New York Executive Law Art. 15 (NY Human Rights

Law), New York State Human Rights Law Sections 290-297and the Laws of the State of New York and United States of America.

18.     Defendant NEW YORK CITY POLICE DEPARTMENT LIEUTENANT JASON MARGOLIS, Tax ID#918540, is an agent, servant, licensee and/or employee of Defendants who, at all times herein mentioned, acted in his individual capacity and/or acted within the scope of his employment.

**EXHAUSTION OF CIVIL ADMINISTRATIVE PROCEDURES**

19.     Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendants. Plaintiff received a Notice of the Right to Sue from the EEOC within 90 days of the filing of this complaint.

**FACTUAL AND GENERAL ALLEGATIONS**

20.     That on or about March 2011, while Plaintiff MICHELE ALEXANDER was in the performance of/course of her duties/employment as a New York City Police Officer, she was injured during the course of her employment which caused her to sustain serious physical injuries.

21.     That as a result of being injured on or about March 2011during the course of her employment as a New York City Police Officer, Plaintiff MICHELE ALEXANDER sustained physical injuries including, but not limited to: blinded/loss of vision in right eye, epilepsy/seizures and limited motion of the left side if her body.  That said injuries resulted in Plaintiff being hospitalized and placed on disability for approximately six (6) months.

22.     That on or about September 29, 2011, the Defendants' own doctor/physician/medical provider issued a written request for reasonable accommodation on behalf of the Plaintiff based upon her disability from the injuries she sustained in March 2011 and provided same to the Defendants.  In

7

said September 29, 2011 request for reasonable accommodation, the Defendants' own doctor/physician/medical provider indicated and requested that the Plaintiff must be placed on restricted/limited duty and must [n]ot be placed on patrol duty, not be placed on RMP duty, not have prisoner contact and [o]nly be placed on desk duty.

23.     That at all times herein mentioned, all medical documentation regarding Plaintiff's injuries from the March 2011 on the job injury and her request for reasonable accommodation for same were provided to the Defendants herein.

24.     That on or about April 2011, Plaintiff filed a complaint with the New York City Police Department against Defendant New York City Police Department Lieutenant Jason Margolis alleging, among other things, that Defendant Margolis discriminated against her, sexually harassed her and otherwise created a hostile work environment.

25.     That on or about October 6, 2011, Plaintiff returned to work to the Defendants after the aforementioned reasonable accommodation request was made by the Defendants' own doctor/physician/medical provider on behalf of the Plaintiff.

26.     That when Plaintiff returned to work on or about October 6, 2011, several of Plaintiff's co-workers informed Plaintiff that the entire 103rd Precinct and all of its officers, agents and/or employees were aware of Plaintiff's complaint against Defendant Margolis.

27.     That at all times herein mentioned, despite Plaintiff's injuries, disability, request for reasonable accommodation for same and knowledge of all of the foregoing, Defendants unlawfully refused/denied to make reasonable accommodations for Plaintiff and unlawfully forced Plaintiff back to/unlawfully assigned Plaintiff to "full" duty status.

8

28.     That as a direct and proximate cause of the Defendants' unlawful denial/refusal to provide Plaintiff with reasonable accommodation for her disability and unlawfully forcing her to work "full" duty, on October 7, 2011, Plaintiff was caused to sustain and suffer serious physical injury including, but not limited to: suffering a massive seizure, being hospitalized and being placed back on disability by the Defendants' own doctor/physician/medical provider.

29.     That the Defendants' unlawful denial/refusal to make reasonable accommodation for Plaintiff's disability and forcing her to work on "full" duty was a substantial factor in causing her to suffer a massive seizure, to be hospitalized and to be placed back on disability.

30.     That at all times herein mentioned, the Defendants' unlawful denial/refusal to provide Plaintiff with reasonable accommodation for her disability and forcing her to work "full" duty was intentional retaliation against Plaintiff for Plaintiff exercising her right to complain about the workplace and, in particular, for filing a complaint against Defendant Margolis.

31.     That at all times herein mentioned, Plaintiff complained to Defendants about the Defendants refusing/denying her reasonable accommodations for her disability but, to no avail as Defendants continued to deny/refuse her said accommodations.

32.     That at all times herein mentioned, the Defendants' acts, conduct and/or omissions were intentional and unlawful and interfered with Plaintiff's rights and enjoyment of her rights under the Americans with Disabilities Act and constituted further unlawful retaliation against her for her exercise of her lawful rights under the Americans with Disabilities Act.

33.     That subsequent to being placed on disability for the second time by the Defendants' own doctor/physician/medical provider, on or about November 21, 2011, same doctor/physician/medical provider submitted a written request to the Defendants for the Defendants

9

to provide Plaintiff with reasonable accommodation for her disability and to place her on limited/restricted duty including, but not limited to: only desk duty, no lifting, no patrol and no RMP duty.

34.     That at all times herein mentioned, when Plaintiff returned to work after the Defendants' own doctor/physician/medical provider submitted the foregoing written request for reasonable accommodation for Plaintiff on or about November 21, 2011, the Defendants unlawfully refused/denied Plaintiff said reasonable accommodations.

35.     That at all times herein mentioned, the Defendants' unlawful denial/refusal to provide Plaintiff with the reasonable accommodations requested on November 21, 2011 for her disability made by Defendants' own doctor/physician/medical provider on behalf of Plaintiff was intentional retaliation against Plaintiff for Plaintiff exercising her right to complain about the workplace and, in particular, for filing a complaint against Defendant Margolis and for complaining about not being provided the previously requested reasonable accommodations for her disability.

36.     That at all times herein mentioned, Plaintiff complained to Defendants about the Defendants refusing/denying her reasonable accommodations for her disability but, to no avail as Defendants continued to deny/refuse her said accommodations.

36.     That at all times herein mentioned, the Defendants' acts, conduct and/or omissions were intentional and unlawful unlawful and interfered with Plaintiff's rights and enjoyment of her rights under the Americans with Disabilities Act and constituted further unlawful retaliation against her for her exercise of her lawful rights under the Americans with Disabilities Act.

10

37.    That at all times herein mentioned, Defendants' conduct, actions and/or omissions and, in particular, refusing/denying Plaintiff reasonable accommodations for her disabilities created and fostered an unlawful hostile work environment against Plaintiff.

38.    That at all times herein mentioned, the Defendants did not treat other disabled employees as they unlawfully treated Plaintiff herein.

39.    That at all times herein mentioned, the Defendants did not treat other officers who complained about the workplace as they unlawfully treated Plaintiff herein.

40.    That at all times herein mentioned, the Defendants did not treat other disabled employees, who did not complain about the workplace like Plaintiff exercised her right to do, as they unlawfully treated Plaintiff herein.

41.    That at all times herein mentioned, the Defendants did not treat other disabled employees, who did not complain about Defendant Margolis like Plaintiff exercised her right to do, as they unlawfully treated Plaintiff herein.

42.    That at all times herein mentioned, the Defendants' unlawful denial/refusal to provide Plaintiff with reasonable accommodations for her disabilities was intentional and were acts of deliberate indifference to the health, safety and well-being of Plaintiff and was wanton and reckless.

43.    That at all times herein mentioned, the Defendants unlawfully retaliated against Plaintiff for practicing her lawful right to register complaints about the work conditions/environment to Defendants.

44.    That at all times herein mentioned, the Defendants wrongfully and unlawfully refused/denied Plaintiff reasonable accommodations for her disabilities in furtherance of the unlawful hostile work environment and in unlawful retaliation against Plaintiff herein.

11

45.     That at all times herein mentioned, the Defendants do not treat similarly situated disabled employees as they treated Plaintiff.

46.     That at all times herein mentioned, the Defendants do not treat similarly situated employees who register complaints to Defendants about work conditions/environment as they treated Plaintiff.

47.     As a result of Defendants' unlawful, discriminatory, hostile and/or retaliatory treatment, Plaintiff has sustained, suffered and continues to sustain and suffer injuries including, but not limited to: serious physical injury, mental pain, anguish, emotional distress (both intentional and negligent), and is otherwise damaged and harmed.

48.     As a direct and proximate result of Defendants' unlawful discrimination, retaliation, refusal/denial of reasonable accommodations for her disabilities, abusive and/or hostile conduct, polices, practices, and/or work environment, Plaintiff claims damages herein.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

49.     Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the complaint numbered "1-48" with the same force and effect as if set forth at length herein.

50.     At all times herein mentioned, Plaintiff is an employee within the meaning of the Americans with Disabilities Act.

51.     When Plaintiff returned to employment with Defendants on or about October 6, 2011 and on or about November 2011, Plaintiff was disabled as defined by the Americans with Disabilities Act.

52.     At said times when Plaintiff returned to employment with Defendants after being injured, hospitalized and disabled, of which the Defendants were aware, Plaintiff's disabilities prevented, restricted and/or limited Plaintiff's ability to perform everyday life activities such as lifting and further prevented Plaintiff, as Defendants' own doctor/physician/medical provider indicated, from being placed on "full" duty and otherwise restricted/limited her work duty as set forth in detail above.

53.     At all times herein mentioned, Plaintiff was and still is otherwise able to perform the essential functions of a police officer with reasonable accommodations as requested by Defendants' own doctor/physician/medical provider.

54.     At all times herein mentioned, the Defendants are an employer as defined by the Americans with Disabilities Act.

55.     That Plaintiff was employed by Defendants for all relevant periods herein.

56.     That at all times herein mentioned, the Defendants the City of New York, the New York City Police Department and the 103rd Precinct of the New York City Police Department are the employers of Defendant New York City Police Department Lieutenant Jason Margolis.

57.     That at all times herein mentioned, Defendant New York City Police Department Lieutenant Jason Margolis is an agent, employee, licensee and/or servant of Defendants the City of New York, the New York City Police Department and the 103rd Precinct of the New York City Police Department.

58.     That at all times herein mentioned, Defendants the City of New York, the New York City Police Department and the 103rd Precinct of the New York City Police Department, as employers of Defendant New York City Police Department Lieutenant Jason Margolis, are liable for

13

said Defendants' intentional and unlawful discriminatory acts, conduct, treatment, practices and/or policies that were unlawfully and discriminatorily applied to Plaintiff.

59.     That at all times herein mentioned, the Defendants violated the Americans with Disabilities Act by being aware of Plaintiff's disabilities and, after being requested, by their own doctor/physician/medical provider in fact, to make reasonable accommodations to/for the Plaintiff, the Defendants intentionally and unlawfully refused to provide such reasonable accommodations, thereby unlawfully discriminating against the Plaintiff because of her disability.

60.     That at all times herein mentioned, the Defendants unlawfully discriminated against the Plaintiff by forcing her to work at "full" duty when medically, because of her disabilities, she was to work on restricted/limited duty as set forth in more detail above.

61.     That at all times herein mentioned, as a direct and proximate result of Defendants' conduct, actions and/or omissions and unlawful denial/refusal to provide Plaintiff with reasonable accommodations for her disabilities, Plaintiff suffered and continues to suffer serious physical injury, mental pain, anguish, emotional distress (both intentional and negligent), and is otherwise damaged and harmed.

62.     That at all times herein mentioned, the Defendants' conduct, actions and/or omissions were intentional and willful violations of the Americans with Disabilities Act.

63.     That Plaintiff claims damages herein.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF TITLE V OF THE AMERICANS WITH DISABILITIES ACT

64.     Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the complaint numbered "1-63" with the same force and effect as if set forth at length herein.

14

65.     At all times herein mentioned, Plaintiff is an employee within the meaning of the Americans with Disabilities Act.

66.     When Plaintiff returned to employment with Defendants on or about October 6, 2011 and on or about November 2011, Plaintiff was disabled as defined by the Americans with Disabilities Act.

67.     At said times when Plaintiff returned to employment with Defendants after being injured, hospitalized and disabled, of which the Defendants were aware, Plaintiff's disabilities prevented, restricted and/or limited Plaintiff's ability to perform everyday life activities such as lifting and further prevented Plaintiff, as Defendants' own doctor/physician/medical provider indicated, from being placed on "full" duty and otherwise restricted/limited her work duty as set forth in detail above.

68.     At all times herein mentioned, Plaintiff was and still is otherwise able to perform the essential functions of a police officer with reasonable accommodations as requested by Defendants' own doctor/physician/medical provider.

69.     At all times herein mentioned, the Defendants are an employer as defined by the Americans with Disabilities Act.

70.     That Plaintiff was employed by Defendants for all relevant periods herein.

71.     That at all times herein mentioned, the Defendants the City of New York, the New York City Police Department and the 103rd Precinct of the New York City Police Department are the employers of Defendant New York City Police Department Lieutenant Jason Margolis.

72.     That at all times herein mentioned, Defendant New York City Police Department Lieutenant Jason Margolis is an agent, employee, licensee and/or servant of Defendants the City of

15

New York, the New York City Police Department and the 103rd Precinct of the New York City Police Department.

73.     That at all times herein mentioned, Defendants the City of New York, the New York City Police Department and the 103rd Precinct of the New York City Police Department, as employers of Defendant New York City Police Department Lieutenant Jason Margolis, are liable for said Defendants' intentional and unlawful discriminatory acts, conduct, treatment, practices and/or policies that were unlawfully and discriminatorily applied to Plaintiff.

74.     That at all times herein mentioned, the Defendants violated the Americans with Disabilities Act by being aware of Plaintiff's disabilities and, after being requested, by their own doctor/physician/medical provider in fact, to make reasonable accommodations to/for the Plaintiff, the Defendants intentionally and unlawfully refused to provide such reasonable accommodations, thereby unlawfully discriminating against the Plaintiff because of her disability.

75.     That at all times herein mentioned, the Defendants unlawfully discriminated against the Plaintiff by forcing her to work at "full" duty when medically, because of her disabilities, she was to work on restricted/limited duty as set forth in more detail above.

76.     That at all times herein mentioned, as a direct and proximate result of Defendants' conduct, actions and/or omissions and unlawful denial/refusal to provide Plaintiff with reasonable accommodations for her disabilities, Plaintiff suffered and continues to suffer serious physical injury, mental pain, anguish, emotional distress (both intentional and negligent), and is otherwise damaged and harmed.

77.     That at all times herein mentioned, the Defendants' conduct, actions and/or omissions were intentional and willful violations of the Americans with Disabilities Act.

16

78.     That at all times herein mentioned, the Defendants' conduct, actions and/or omissions were intentional and willful violations of the Americans with Disabilities Act as the Defendants unlawfully interfered with Plaintiff's rights and enjoyment of her rights under the Americans with Disabilities Act and further unlawfully retaliated against her for her exercise of her lawful rights under the Americans with Disabilities Act.

79.     That as a direct and proximate result of the foregoing, Plaintiff claims damages herein.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 42 U.S.C. SECTIONS 1981, 1981(a), & 2000e. seq.

80.     Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the complaint number "1" to "79" with the same force and effect as if set forth at length herein.

81.     That the Defendants are employers within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Section 1981, 1981(a), 42 U.S.C. Section 2000e, *et. seq.*

82.     The Defendants' unlawful, discriminatory, retaliatory, abusive and/or hostile conduct/work environment and treatment against Plaintiff because of her disability and exercise of her right to engage in the protected activity of registering complaints about the workplace, including her right to complain about the sexual harassment of her by her Supervisor Defendant Margolis as well as her complaints about being denied reasonable accommodations for her disabilities, deprived Plaintiff of her right to make and enforce contracts to the full and equal benefit of Defendants' regulations and all laws and proceedings for the security of Plaintiff's employment in violation of

Title VII of the Civil rights Act, 42 U.S.C. Sections 1981, 1981(a), 2000, 2000(e), 2000(e)(3) and 2000(e)-2(a)(1).

83.     The Defendants, their officers, agents, servants, and/or employees are responsible for the intentional and unlawful/discriminatory/hostile/retaliatory acts, conduct, treatment, practices and /or policies, and for creating and/or fostering a hostile work environment that caused Plaintiff to suffer and sustain damages.

84.     The Defendants, their officers, agents, servants, and/or employees are/were, at all times herein mentioned, acting within the scope of their employment.

85.     The Defendants the City of New York, the New York City Police Department and the 103rd Precinct of the New York City Police Department, as employers of Defendant Margolis are liable for said Defendants' intentional, unlawful, discriminatory, hostile and/or retaliatory acts, conduct, treatment, practices and/or policies against Plaintiff.

86.     At the time of her returns to work with the Defendants on October 6, 2011 and on or about November 2011, after being injured, hospitalized and disabled, of which the Defendants were aware, Plaintiff was medically disabled and entitled to her requested reasonable accommodations as requested on her behalf by the Defendants' own doctor/physician/medical provider, which Defendants unlawfully denied despite knowing of said disabilities/conditions and possessing the medical documentation for same. In addition to denying her requests for said reasonable accommodations, the Defendants unlawfully discriminated against her, retaliated against her and created a hostile work environment by forcing Plaintiff to work "full" duty.

87.     That during the course of her employment with the Defendants, Plaintiff engaged in the protected activity of registering complaints to Defendants about the hostile and unlawful work

18

environment/conditions, the sexual harassment by her Supervisor Defendant Margolis and the unlawful denial of her requests for reasonable accommodations for her disabilities.

88.     The Defendants, their officers, agents, servants, and/or employees discriminated in the workplace against Plaintiff because of her disability and in unlawful retaliation to Plaintiff's complaints about the hostile work environment/conditions and the Defendants' denial of her requests for reasonable accommodations for her disabilities.

89.     Defendants do not treat other non-disabled group(s) similarly situated as Plaintiff, as they treated the Plaintiff.

90.     Defendants do not treat other groups who do not engage in the protected activity of registering complaints about work conditions/environment, similarly situated as Plaintiff, as they treated Plaintiff.

91.     Defendants the City of New York, the New York Police Department and the 103rd Precinct of the New York City Police Department, as employers of Defendant New York City Police Department Lieutenant Jason Margolis, are liable for said Defendants' intentional and unlawful and discriminatory acts, conduct, treatment, practices and/or policies that were intentionally, hostilely, unlawfully and discriminatorily applied to Plaintiff.

92.     Defendants knew of the unlawful, discriminatory, retaliatory, hostile and/or abusive acts, conduct, treatment, practices, and/or policies against the Plaintiff, and/or, had Defendants exercised due care, they would have discovered same.

93.     Defendants failed to take remedial and/or corrective action to address the unlawful, retaliatory and discriminatory practices the Defendants caused to be visited upon the Plaintiff.

94.     Defendants unlawfully created and/or fostered a discriminatory, retaliatory, hostile and/or abusive work environment against the Plaintiff based upon her disability and because she exercised the protected activity of complaining about the hostile work environment/conditions of her employment and about the Defendants' unlawful denial/refusal of reasonable accommodations for her disabilities.

95.     That at all times herein mentioned, the Defendants' conduct, actions and/or omissions were intentional and willful violations of Title VII of the Civil Rights Act.

96.     That as a direct and proximate result of the foregoing, Plaintiff claims damages herein.

## PENDENT STATE CLAIMS

97.     Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1"to "96" with the same force and effect as if set forth at length herein.

98.     Defendants are an employer within the meaning of the New York Human Rights Law, New York Executive Law Article 15, and New York Executive Law Sections 290-297.

99.     Plaintiff is an employee within the meaning of the New York Human Rights Law, New York Executive Law Article 15 and New York Human rights Law Sections 290-297.

100.    At all times herein mentioned, Plaintiff was disabled and, as such, is a member of a protected group as defined by the New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law Sections 290-297.

101.    At all times herein mentioned, Plaintiff was disabled and entitled to her requested reasonable accommodations as defined by the New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law Sections 290-297.

20

102.     During the course of Plaintiff's employment with Defendants, Plaintiff engaged in the protected activity, defined by the New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law Sections 290-297, of registering complaints with Defendants about the hostile work environment/conditions, the discrimination by Defendants against her, the retaliation by Defendants against her and the Defendants' denial/refusal to provide Plaintiff with reasonable accommodations for her disabilities.

103.     As set forth above, Defendants unlawfully discriminated against Plaintiff, created and/or fostered a hostile work environment based upon her disability, denied her reasonable accommodations for her disabilities and further unlawfully retaliated against her for engaging in protected activity and, as such, are liable for their intentional and willful violations of the New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law Sections 290-297.

104.     That at all times herein mentioned, the Defendants' conduct, actions and/or omissions were intentional and willful violations of New York Human Rights Law, New Executive Law Article 15 and New York Executive Law Sections 290-297.

105.     Pursuant to 28 U.S.C. Section 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

106.     That as a direct and proximate result of the foregoing, Plaintiff claims damages herein.

21

### DEFENDANTS THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE 103RD PRECINCT OF THE NEW YORK CITY POLICE DEPARTMENT'S FAILURE TO TRAIN, SUPERVISE, MANAGE &/OR CONTROL

107.   Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1" to "106" with the same force and effect as if set forth at length herein.

108.   Defendants the City of New York, the New York City Police Department and the 103rd Precinct of the New York City Police Department have/had a duty to supervise, manage, oversee, maintain, control and/or train their employees, servants and/or agents.

109.   Defendant Margolis is an employee, servant and/or agent of the Defendants the City of New York, the New York City Police Department and the 103rd Precinct of the New York City Police Department.

110.   Defendants the City of New York, the New York City Police Department and the 103rd Precinct of the New York City Police Department have/had a duty to supervise, manage, oversee, maintain, control and/or train their employees, servants and/or agents, particularly Defendant Margolis.

111.   Defendants the City of New York, the New York City Police Department and the 103rd Precinct of the New York City Police Department are negligent in that they failed their duty to supervise, manage, oversee, maintain, control and/or train their employees, servants and/or agents, particularly, Defendant Margolis, so that the Defendants, their employees, agents and/or servants would be aware that it is unlawful to discriminate against Plaintiff, unlawful to create and/or foster a hostile work environment based on her disability, unlawful to deny Plaintiff reasonable accommodations for her disability and unlawful to retaliate against Plaintiff for engaging in a

protected activity -- in violation of the New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law Sections 290-297.

112.    Defendants the City of New York, the New York City Police Department and the 103rd Precinct of the New York City Police Department's negligence was a direct and proximate cause of the harm/damages/injuries visited upon the Plaintiff.

113.    Further, as a direct and proximate result of Defendants the City of New York, the New York City Police Department and the 103rd Precinct of the New York City Police Department's negligence, Plaintiff suffered and continues to suffer injuries and/or damages.

114.    That at all times herein mentioned, the Defendants' conduct was an intentional and willful violation of New York Human Rights Law, New Executive Law Article 15 and New York Executive Law Sections 290-297.

115.    Pursuant to 28 U.S.C. Section 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

116.    That as a direct and proximate result of the foregoing, Plaintiff claims damages herein.

## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

117.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1"to "116" with the same force and effect as if set forth at length herein.

118.    Defendants, their officers, agents, servants, and/or employees are, at all time herein mentioned, agents, servants and/or employees acting within the scope of their employment.

23

119.     Defendants engaged in extreme and outrageous conduct, intentionally, recklessly, and/or negligently causing Plaintiff to suffer severe emotional distress.

120.     As a direct result of Defendants' extreme and outrageous conduct, Plaintiff was caused to suffer and sustain psychological injuries including, but not limited to, mental pain, anguish, pain and suffering, and emotional distress (both intentional and negligent).

121.     As a direct result of Defendants' extreme and outrageous conduct, Plaintiff claims damages for the injuries set forth above.

122.     Pursuant to 28 U.S.C. Section 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

123.     That as a direct and proximate result of the foregoing, Plaintiff claims damages herein.

## DAMAGES

124.     As a direct and proximate result of the foregoing acts of the Defendants' Plaintiff sustained and suffered the following:

(a)     Violation of Plaintiff's rights as secured by the Americans with Disabilities Act, Title I and Title V;

(b)     Violation of Plaintiff's rights as secured by Title VII of the Civil Rights Acts of 1964, as amended by the Civil Rights Act of 1991;

(c)     Violation of Plaintiff's Rights as secured by 42 U.S.C. Section 1981, 1981(a), 2000, 2000(e), 2000(e)(3), and 2000(e)-2(a)(1), *et. seq.*;

(d)     Violation of Plaintiff's Rights as secured by the New York State Human Rights Law, N.Y. Executive Law, Article 15 and Sections 290-297;

(e)    Mental pain, anguish, pain and suffering, and emotional distress, (both intentional and negligent);

(f)    Psychological, emotional and economic damages which are direct and/or proximate consequences of the Defendants' actions, that are continuing to date, and, upon information and belief, will continue into the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff MICHELE ALEXANDER requests the following relief jointly and severally as against all of the Defendants:

1.    Award compensatory damages in an amount to be determined at trial;

2.    Award punitive damages in an amount to be determined at trial;

3.    Disbursements, costs and attorneys' fees; and

4.    For such other further relief to this Court may seem just and proper.

**ALL CONDITIONS PRECEDENT HAVE BEEN PERFORMED
OR HAVE OCCURRED.**

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Dated:    Jamaica, New York
November 28, 2012

Yours, etc.

JOANN SQUILLACE (JS 4217)
Drummond & Squillace, PLLC
Attorneys for Plaintiff
MICHELE ALEXANDER
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
(718) 298-5050

25

## ATTORNEY'S VERIFICATION

JOANN SQUILLACE, An attorney duly admitted to practice before the Courts of the State of New York and before the Eastern and Southern Districts of New York of the United States District Court, affirms the following to be true under the penalties of perjury:

1.      I am an attorney at DRUMMOND & SQUILLACE, PLLC, attorneys of record for Plaintiff Michele Alexander.   I have read the annexed **SUMMONS WITH NOTICE**, **COMPLAINT** and **JURY DEMAND** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files and discussions with Plaintiff.

2.      This verification is made by me because Plaintiff is not presently in the County wherein I maintain my offices.

DATED:      Jamaica, New York
            November 28, 2012

JOANN SQUILLACE

26